UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ROBERT ARTHUR: ROBERTS,

Petitioner,

v.

JAMES KOLLMAN,
Nicollet County Sheriff,

Respondent.

Civil No. 00-1752 (DSD/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner's self-styled petition provides very little information about the events that have caused him to seek federal habeas corpus relief. As far as the Court can tell, Petitioner was recently stopped and detained by Nicollet County Sheriff's deputies, pursuant to instructions allegedly issued by someone associated with the Nicollet County Attorney's Office. Petitioner alleges that after he was stopped, his automobile was

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED AUG 08 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

impounded, and he was taken into custody and confined at the Nicollet County Detention Center. It appears that he was still in custody when he commenced this action on July 25, 2000.

According to his petition, Petitioner "believe[s]" that he has been charged with "having no driver's licence and operating an unregistered automobile." He contends that, under Minnesota law, he should not have been taken into custody for those offenses, and that his confinement violates (1) "the Convention de La Haye du octobre 5, 1961," and (2) "his fundamental Right to travel as long as not for commercial purposes." There is no indication that Petitioner has made any effort to raise these contentions, or otherwise challenge the validity of his confinement, in any Minnesota state court proceeding.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas

petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

The present case obviously is a little different from most habeas corpus proceedings initiated by persons in state custody, because there is no indication that Petitioner has been convicted of a state criminal offense in this state, or that he is challenging any state court order or judgment. Given these somewhat unusual circumstances, it is doubtful whether Petitioner is eligible for habeas corpus relief under 28 U.S.C. § 2254, which is the traditional federal post-conviction remedy for those detained by state authorities. See Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999) ("[s]ection 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges"). However, an unconvicted state detainee, (which Petitioner appears to be), can seek federal habeas relief before the entry of a final state court judgment under 28 U.S.C. § 2241.[2] Id. ("[p]re-judgment habeas relief is available... under 28 U.S.C. § 2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), cert. denied, 449 U.S. 1014 (1980); Woodard

---

[2] 28 U.S.C. § 2241(a) provides that –

> "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions...."

28 U.S.C. § 2241(c)(3) further provides that –

> "The writ of habeas corpus shall not extend to a prisoner unless – ...
> (c) He is in custody in violation of the Constitution or laws or treaties of the United States."

v. Plummer, No. C 98-0040 CRB (PR), (N.D.Cal. 1998), 1998 WL 30092 at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)").

Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241. Hirsch, 66 F.Supp.2d at 986 ("'[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions'"), quoting Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975) ("28 U.S.C. § 2241(c)(3), which empowers district courts to issue the writ before judgment is rendered in a criminal proceeding, makes no reference to exhaustion. In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446 U.S. 908 (1980). See also Davis v. Mueller, 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

Ordinarily, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for

federal habeas corpus review. "'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981), quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974). See also Woodard, 1998 WL 30092 at *1 ("[s]ection 2241 does not require exhaustion of state judicial remedies; however, principles of federalism and comity require that this [federal] court abstain until all state criminal proceedings are completed and petitioner exhausts available state judicial remedies, unless petitioner can show that extraordinary circumstances warrant federal intervention prior to a state criminal trial"); Carden, 626 F.2d at 83-84 (federal courts will not interfere in state criminal proceedings before they become final except in "unusual," "extraordinary" or "special" circumstances). Pre-judgment habeas relief might be available, for example, where the state courts have rejected a defendant's properly asserted demand for a speedy trial, (see Dickerson v. State of Louisiana, 816 F.2d 220, 226 (5th Cir.), cert. denied, 484 U.S. 956 (1987)), or where a state court has disregarded a colorable double jeopardy defense, (see Blanck, 48 F.Supp.2d at 860), or in a case of "proven harassment or prosecutions undertaken by state officials in bad faith," (Carden, 626 F.2d at 84; [emphasis added]).[3]

Moreover, even where there are "extraordinary circumstances" warranting federal habeas review before the entry of a final state court judgment, the petitioner still

---

[3] The Carden Court's use of the word "proven" suggests that a claim of "harassment" or "bad faith" would not warrant pre-judgment federal habeas review, unless the claim were supported by a substantial and credible factual record.

must show that he has pursued all available state court opportunities to obtain the relief he is seeking. Dickerson, 816 F.2d at 228 (petitioner's speedy trial issue could be reviewed in federal court before trial, "provided that the state courts have had an opportunity to rule on the issue"); Moore, 515 F.2d at 445-46 ("the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts"); Finetti v. Harris, 609 F.2d 594, 597-98 (2nd Cir. 1979) (state pre-trial detainee challenging denial of bail could apply for federal habeas relief, but only after exhausting his state court remedies for seeking bail). See also, Pehler v. Schoen, 537 F.2d 970, 972 (8th Cir.) (state prisoner's challenge to another state's parole violator detainer could not be entertained in federal court prior to exhaustion of state court remedies), cert. denied, 429 U.S. 984 (1976).

In sum, a state detainee can seek federal habeas corpus relief under 28 U.S.C. § 2241 before the entry of a final state court judgment against him. In most cases, however, the principles of comity and federalism will bar federal habeas review of state criminal proceedings until after judgment has been entered and the state appeal process has been completed. In "extraordinary circumstances," habeas relief may be available while a criminal prosecution is still pending in the state courts. However, a pre-judgment application for federal habeas corpus relief will be entertained only if the petitioner has first given the state courts a fair opportunity to address his federal constitutional concerns.

Applying these principles here, it is readily apparent that Petitioner is not eligible for federal habeas corpus relief at this time. As previously noted, it does not appear that Petitioner has challenged the validity of his confinement in any state court

proceeding of any kind. By now, Petitioner presumably has been charged with some criminal offense, and he undoubtedly will have an opportunity to challenge the validity of his confinement as his criminal case is prosecuted. Even if Petitioner continues to be confined without being charged, he should be able to challenge his confinement in a habeas corpus proceeding brought in state court pursuant to Minn.Stat. § 589.01 et seq.[4]

Thus, the Court concludes that Petitioner's current application for federal habeas corpus relief cannot be entertained at this time; it is premature, because he has not yet given the state courts an opportunity to consider his claims. It will therefore be recommended that the instant petition be summarily dismissed. It will be further recommended, however, that the petition be dismissed without prejudice, so that Petitioner will be able to return to federal court, if necessary, after he has given the state courts --

---

[4] Minn.Stat. § 589.01 provides that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint. For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution."

If Petitioner is denied relief under this statute at the state trial court level, he should be able to pursue an appeal to the Minnesota Court of Appeals. See Minn.Stat. § 589.29.

including the state appellate courts[5] -- a fair opportunity to address his claims. See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).[6]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's "Petitioner for Writ of Habeas Corpus," (Docket No. 1), be summarily DISMISSED WITHOUT PREJUDICE.

Dated: August 4, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before August 18, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[5] "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. O'Sullivan, 119 S.Ct. at 1732 (emphasis added). Thus, Petitioner will have to complete the state appellate review process, before he can return to federal court.

[6] If Petitioner should find it necessary to seek federal habeas corpus relief at any time in the future, he will have to (a) submit his application on the petition form prescribed for use in this district, and (b) sign the petition himself. See Rule 2(c) of the Rules Governing Section 2254 Cases In The United States District Courts; Local Rule 9.3.